IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER M. COLEMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No.  15-5385 |
| | : | |
| JEH CHARLES JOHNSON, et al. | : | |

MEMORANDUM

PAPPERT, J.                                                                                  October 2015

      Plaintiff Christopher M. Coleman, proceeding *pro se*, filed a motion to proceed *in forma pauperis* and a complaint raising claims under the Federal Tort Claims Act based on his termination of employment with the Transportation Security Administration (TSA). For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.    FACTS[1]

      Plaintiff was previously employed as a Transportation Security Officer with the TSA. He was removed from that position in 2013. Plaintiff alleges that "TSA claimed the basis for [his] removal was that [he] had Major Depressive Disorder (MDD) and therefore [was] psychologically unfit for [his] position with the TSA." (Compl. at 3b.) He further alleges that "TSA's position is that they requested psychological medical information via a FOH form and [he] refused; [but] that was not the case." (*Id.*)

      Instead, according to plaintiff, William Myers told him to report at the end of his shift on

---

[1] The following facts are taken from the complaint and publicly available dockets for the related cases that plaintiff filed in this Court.

August 5, 2013 to discuss a light duty request he had filed regarding a rotator cuff injury. During that meeting, plaintiff was "given a blank FOH form in reference [to] the Rotator cuff injury." (*Id.*) Donna Rachuba told plaintiff that the form was "optional" and that he was only required to complete the form if he "wished [his] doctor to bypass Philadelphia TSA Human Resources." (*Id.*) Plaintiff responded that there was no need for the form. He claims that no one at the meeting requested any information from him concerning his mental health or discussed his psychological condition.

This is the third civil action plaintiff has initiated stemming from his termination from employment. In his first lawsuit, *Coleman v. Department of Homeland Security*, Civ. A. No. 14-5505 (E.D. Pa.), plaintiff alleged that the TSA, DHS and Janet Napolitano, then Secretary of Homeland Security, discriminated and retaliated against him and ultimately terminated him in violation of the Rehabilitation Act (RA) and the Family Medical Leave Act. Coleman's counsel voluntarily dismissed the complaint without prejudice on December 1, 2014 after the defendants moved to dismiss.

On January 25, 2015, Coleman filed a *pro se* complaint against the current Secretary of the Department of Homeland Security, Jeh Johnson, in his official capacity; Plaintiff claimed that his termination violated the Americans with Disabilities Act (ADA). *Coleman v. Johnson*, Civ. A. No. 15-857 (E.D. Pa.). In August of 2015, the Court granted Secretary Johnson's motion to dismiss the action. *Id.* (Document Nos. 11 & 12). Judge Savage, who presided over that case, held that Secretary Johnson could not be sued under the ADA because the ADA does not apply to federal agencies and that, even if the complaint were construed as raising claims under the RA, such claims were preempted by the Aviation and Transportation Security Act. Judge Savage also

explained that to the extent plaintiff alleged a violation of 18 U.S.C. § 1001, that criminal statute did not provide a private cause of action. Plaintiff filed an appeal, which is currently pending before the Third Circuit Court of Appeals. In his notice of appeal, he indicated that he also "plan[ned] to refile this case under the Federal Tort Claims Act (FTCA) . . . ." *Id.* (Document No. 15).

Plaintiff initiated this lawsuit on September 29, 2015 against the TSA, Secretary Johnson, the Office of Professional Responsibility Appellate Board, and six individuals whom he identifies as "employees and contractors who were involved with the negligence [alleged in the complaint]." (Compl. at 2 ¶ II.B.) Plaintiff alleges that the defendants negligently terminated his employment with the TSA without proper paper work and without abiding by proper procedures. He also alleges that "when TSA realized the procedural negligence they attempted to cover up their actions and in doing so violated 18 U.S.C. § 1001." (*Id.* at 3c.) Plaintiff asks the Court to return him to his job [including] "seniority with raises, cost of living and bonuses that would have accrued with no interruption of employment . . . [as well as] sick and vacation time," and to expunge "the diagnosis and or label of Major Depressive Disorder" from his records. (*Id.* at 4 ¶ V.) The Court understands plaintiff to be raising claims under the Federal Tort Claims Act and 18 U.S.C. § 1001.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319,

325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

There is no legal basis for plaintiff's claims under 18 U.S.C. § 1001. As Judge Savage explained to plaintiff in dismissing his prior lawsuit, 18 U.S.C. § 1001 is a federal criminal statute that does not give rise to civil liability. *See Davis v. Jordan*, 573 F. App'x 135, 137 (3d Cir. 2014) (per curiam) ("[A] private cause of action does not exist under 18 U.S.C. § 1001, which is a criminal statute.").

Plaintiff's FTCA claims also fail. The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To confer jurisdiction under the FTCA, a plaintiff's claim must be made

> "'[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"

*CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)) (alteration in original).

4

As plaintiff brought this suit against parties who are not subject to the FTCA and seeks only injunctive relief, his claims lack a legal or jurisdictional basis under the FTCA. *See id.* at 138 n.2 ("The Government is the only proper defendant in a case brought under the FTCA."); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (explaining that only monetary damages are available in a FTCA action). Accordingly, the Court will dismiss the complaint. As the relief plaintiff seeks is not cognizable under the FTCA, he will not be given leave to file an amended complaint against the United States.[2]

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. An appropriate order follows, which shall be docketed separately.

---

[2] Even if plaintiff sought damages, it is not clear that the Court would possess jurisdiction over his claims. Prior to filing an action under the FTCA, a plaintiff is required to present a claim for a sum certain to the appropriate federal agency within two years of the claim's accrual. *See* 28 U.S.C. §§ 2401(b) & 2675. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010); *see also Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). The complaint does not reflect that plaintiff complied with those provisions of the FTCA.